# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLASE TUCCI, | )<br>) |
| Plaintiff, | )<br>)  2:21-CV-1859-NR<br>) |
| v. | )<br>) |
| GILEAD SCIENCES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM ORDER

Before the Court is Defendant Gilead Sciences's motion to dismiss Plaintiff Blase Tucci's amended complaint. ECF 13. As explained on the record at the September 28, 2022, hearing, the motion is GRANTED in part and DENIED in part.

As to Count 1, the Court grants the motion and dismisses Count 1 of the amended complaint, but with leave to amend. The amended complaint makes vague assertions that Gilead works with government agencies but fails to allege how the company receives payments. *See* ECF 8, ¶¶ 9-12, 14, 23, 60, 118, 122. Likewise, the amended complaint contends that Gilead "participat[es] in governmental rebates and discounts" but does not support its contention with sufficient facts detailing how that money flows from the Commonwealth to Gilead. ECF 22, ¶ 10. These are necessary facts to establish a plausible claim that Gilead is an "employer" under the Whistleblower Act, and must be pled to clear the hurdle of *Twombly* and *Iqbal*. *Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (allegations that are "no more than conclusions[] are not entitled to the assumption of truth" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

The Court, however, cannot say at this juncture that further amendment would be futile. The Court therefore permits Mr. Tucci to amend his complaint as to

Count 1, consistent with this order. Any second amended complaint must be filed within 30 days of this order.

As to Count 2, the Court denies the motion for the reasons stated on the record at the hearing.

DATED: September 28, 2022 BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge